UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KIMII PORTER, CASSANDRA JACKSON, and SADIE FACION, | Civil No. 06-3142 (JRT/FLN) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| HENNEPIN COUNTY and HENNEPIN COUNTY DEPARTMENT OF COMMUNITY CORRECTIONS, | |
| Defendants. | |

Kenya C. Bodden, **WALKER LAW OFFICES, PA**, 3112 Hennepin Avenue South, Minneapolis, MN 55508, for plaintiffs.

Robert Zeglovitch, **LAW OFFICES OF ROBERT ZEGLOVITCH**, One Financial Plaza, Suite 2400, 120 South Sixth Street, Minneapolis, MN 55402, for defendants.

Plaintiffs are African-American probation officers with the Hennepin County Department of Corrections. Plaintiffs brought suit against defendant Hennepin County[1] alleging violation of their civil rights under 42 U.S.C. §§ 1981 and 1983 and the Minnesota Human Rights Act. Plaintiffs further allege common law claims of negligent supervision, negligent infliction of emotional distress, intentional infliction of emotional

---

[1] Plaintiffs' Complaint also names the Hennepin County Department of Community Corrections as a separate defendant in this case. Because the Department of Community Corrections is not a separate legal entity from Hennepin County, the Court determines that Hennepin County is the sole defendant to this action. Accordingly, the Department of Community Corrections is dismissed from this action.

distress, and defamation. This matter is before the Court on defendant's motion for partial dismissal of plaintiffs' common law claims. For the reasons set forth below, the Court grants defendant's motion for partial dismissal.

## BACKGROUND

Plaintiffs Porter, Jackson, and Facion ("plaintiffs") are employed as probation officers by the Hennepin County Department of Community Corrections. Plaintiffs allege that on October 8, 2004, an assistant county attorney "made suggestion and innuendo" that Jackson had had improper relations with a defendant that the attorney was prosecuting. (Pls.' Compl. ¶ 6.) Plaintiffs further allege that on October 28, 2004, Jackson received an anonymous letter containing racial epithets. The letter also made reference to the alleged improper relationship between Jackson and the defendant.

According to the Complaint, the remaining two plaintiffs were made aware of the letter "by word of mouth." (Pls.' Compl. ¶ 7.) Plaintiffs reported the letter to their supervisors. Plaintiffs allege that their supervisors failed to identify the author of the anonymous letter and took no action to address the problem. In addition, Facion and Jackson were transferred from the Minneapolis office to satellite offices following their complaints and requests for action regarding the letter. According to the Complaint, plaintiffs have received treatment for mental health problems resulting from defendant's actions.

Plaintiffs brought this action alleging violations of 42 U.S.C. §§ 1981 and 1983, the Minnesota Human Rights Act, and Minnesota common law. Plaintiffs claim that

defendant's supervision of its employees was negligent and that defendant's negligence caused plaintiffs to suffer emotional distress. Plaintiffs further allege that defendant's agents and employees made defamatory statements about plaintiffs, and intentionally caused plaintiffs to suffer emotional distress. Hennepin County now moves for partial dismissal of plaintiffs' common law claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

### I.   STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001). A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

### II.   NEGLIGENT SUPERVISION

Under Minnesota law, an employer has a duty to prevent the intentional or negligent infliction of personal injury by its employees upon a third person. *Semrad v. Edina Realty, Inc.*, 493 N.W.2d 528, 534 (Minn. 1992). Physical injury or the threat of physical injury is required to make out a claim for negligent supervision. *Ponticas v. K.M.S. Invs.*, 331 N.W.2d 907, 911 (Minn. 1983). While physical acts of sexual

misconduct are sufficient to make out a "threat of physical injury," *Mandy v. Minnesota Mining & Mfg.*, 940 F. Supp. 1463, 1471-72 (D. Minn. 1996), Minnesota courts have held that an actionable threat requires "an unreasonable risk of bodily harm." *Semrad*, 493 N.W.2d at 534.

The Court finds that plaintiffs have failed to allege either physical injury or the threat of physical injury. The anonymous letter contains no actual threat of physical harm against plaintiffs. Nor does defendant's alleged failure to investigate the anonymous letter constitute a threat of physical harm to plaintiffs. The Court thus concludes that plaintiffs have failed to state a claim for negligent supervision under Minnesota law.

## III.   NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

A claim for negligent infliction of emotional distress must show that plaintiff 1) was within the zone of danger of physical impact, 2) reasonably feared for her own safety, and 3) suffered severe emotional distress with attendant physical manifestations. *K.A.C. v. Benson*, 527 N.W.2d 553, 557 (Minn. 1995). The "zone of danger" includes only those plaintiffs in "actual personal physical danger caused by defendant's negligence." *Id.* at 558. In other words, a plaintiff must generally have experienced a near miss situation in which her physical safety was placed in grave peril. *Id.* (citing *Purcell v. St. Paul City Ry. Co.*, 50 N.W. 1034 (Minn. 1892)).

The Court finds that plaintiffs' Complaint fails to plead any facts showing that plaintiffs were in a zone of danger of physical impact. Neither the alleged offensive

remarks nor the anonymous letter placed plaintiffs in actual personal physical danger. As such, plaintiffs' claim for negligent infliction of emotional distress must be dismissed.

**IV.     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Under Minnesota law, intentional infliction of emotional distress requires proof that 1) the alleged conduct is extreme and outrageous, 2) the conduct is intentional or reckless, 3) the conduct causes emotional distress, and 4) the distress is severe. *Hubbard v. United Press Intern, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). The conduct in question must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Haagenson v. Nat'l Farmers Union Prop. and Cas. Co.*, 277 N.W.2d 648, 652 n.3 (Minn. 1979).

Plaintiffs' Complaint fails to identify the specific conduct at issue giving rise to intentional infliction of emotional distress. The Court finds that the anonymous letter is the only alleged conduct that might plausibly give rise to plaintiffs' claim. As such, plaintiffs seek to hold Hennepin County liable for the anonymous letter on a theory of respondeat superior. *See Leaon v. Washington County*, 397 N.W.2d 867, 874 (Minn. 1986). Under respondeat superior, an employer may be held liable for the acts of its employee where the employee is personally liable for the tort and is acting within the scope of his employment. *Id.*

Even if the anonymous letter constitutes extreme and outrageous conduct, plaintiffs' Complaint does not allege that either Hennepin County or any of its employees authored the letter in question. Nor have plaintiffs alleged that the letter is within the

scope of employment of Hennepin County employees. In short, plaintiffs' intentional infliction emotional distress claim fails to state a claim for which relief may be granted. Defendant's motion to dismiss is therefore granted on this claim.

## V.     DEFAMATION

A statement is defamatory if it is false, communicated to a third party other than the plaintiff, and tends to harm a plaintiff's reputation or estimation in the community. *Stuempges v. Park-Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980). Defamation claims must be pleaded with specificity. *Schibursky v. Int'l Bus. Mach. Co.*, 820 F. Supp. 1169, 1181 (D. Minn. 1993). At a minimum, a plaintiff must allege "who made the allegedly libelous statements, to whom they were made, and where." *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1011 (8th Cir. 2005).

Plaintiffs' Complaint again fails to identify the specific statements that give rise to the defamation claim. In addition, plaintiffs have failed to plead the necessary element of publication with respect to both the offensive remark and the anonymous letter. The Court concludes that plaintiffs have failed to state a claim for defamation. As such, defendant's motion to dismiss plaintiffs' defamation claim must be granted.

## ORDER

Based on the foregoing, all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that

1. Defendant's motion to dismiss in part [Docket No. 2] is **GRANTED**. Count 5 (Negligence) and Count 9 (Intentional Tort) of the Complaint are **DISMISSED with prejudice**.

2. Defendant Hennepin County Department of Community Corrections is **DISMISSED** from this action.

DATED:   December 29, 2006　　　　　　　　　　s/ John R. Tunheim     _
at Minneapolis, Minnesota.　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge